1
2
3                    UNITED STATES DISTRICT COURT
4                         DISTRICT OF NEVADA
5                                 * * *
6    SANJIV N. DAVESHWAR,                    Case No. 3:20-cv-00612-MMD-CLB
7                        Petitioner,                      ORDER
8          v.
9    GARRETT, et al.,
10                       Respondents.
11
12          Before the Court is Petitioner Sanjiv N. Daveshwar's *pro se* petition for writ of
13   habeas corpus brought under 28 U.S.C. § 2254. (ECF No. 1-1.) He has now paid the
14   filing fee. (ECF No. 5) The Court has reviewed the petition pursuant to Habeas Rule 4
15   and directs that it be served on Respondents.
16          A petition for federal habeas corpus should include all claims for relief of which
17   petitioner is aware. If a petitioner fails to include such a claim in his petition, he may be
18   forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C.
19   §2254(b). If a petitioner is aware of any claim not included in their petition, they should
20   notify the court of that as soon as possible, perhaps by means of a motion to amend
21   their petition to add the claim.
22          Petitioner has also submitted a motion for appointment of counsel. (ECF No. 1-
23   2.) There is no constitutional right to appointed counsel for a federal habeas corpus
24   proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999
25   F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary.
26   *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023
27   (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838
28   (1984). However, counsel must be appointed if the complexities of the case are such

1   that denial of counsel would amount to a denial of due process, and where the petitioner

2   is a person of such limited education as to be incapable of fairly presenting his claims.

3   *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th

4   Cir.1970). Here, Petitioner's petition presents his claims in a reasonably clear manner,

5   and the legal issues do not appear to be particularly complex. Therefore, appointment of

6   counsel is not justified. Petitioner's motion is denied.

7       The Clerk of Court is therefore directed to detach, file, and electronically serve

8   the petition (ECF No. 1-1) on the respondents.

9       The Clerk of Court is further directed to add Aaron D. Ford, Nevada Attorney

10  General, as counsel for respondents and provide respondents an electronic copy of all

11  items previously filed in this case by regenerating the Notice of Electronic Filing to the

12  office of the attorney general only.

13      The Clerk of Court is further directed to detach and file petitioner's motion for

14  appointment of counsel. (ECF No. 1-2.)

15      It is further ordered that the motion for appointment of counsel (ECF No. 1-2) is

16  denied.

17      It is further ordered that respondents file a response to the petition, including

18  potentially by motion to dismiss, within 90 days of service of the petition, with any

19  requests for relief by petitioner by motion otherwise being subject to the normal briefing

20  schedule under the local rules.  Any response filed is to comply with the remaining

21  provisions below, which are entered pursuant to Habeas Rule 5.

22      It is further ordered that any procedural defenses raised by respondents in this

23  case be raised together in a single consolidated motion to dismiss. In other words, the

24  court does not wish to address any procedural defenses raised herein either in seriatum

25  fashion in multiple successive motions to dismiss or embedded in the answer.

26  Procedural defenses omitted from such motion to dismiss will be subject to potential

27  waiver. Respondents should not file a response in this case that consolidates their

28  procedural defenses, if any, with their response on the merits, except pursuant to 28

U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that petitioner has 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either petitioner or respondents be filed with a separate index of exhibits identifying the exhibits by number. The parties will identify filed CM/ECF attachments by the number or numbers of the exhibits in the attachment.

It is further ordered that, at this time, the parties send courtesy copies of any responsive pleading or motion and all indices of exhibits to the Reno Division of this court only. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the court.

DATED THIS 26th Day of February 2021.

MIRANDA M. DU CHIEF JUDGE
UNITED STATES DISTRICT COURT

3