UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SANJIV N. DAVESHWAR,

                  Petitioner,

    v.

GARRETT, *et al.*,

                  Respondents.

Case No. 3:20-cv-00612-MMD-CLB

ORDER

      *Pro se* 28 U.S.C. § 2254 Petitioner Sanjiv N. Daveshwar has filed a motion for extension of time (ECF No. 16) to respond to Respondents' motion to dismiss (ECF No. 13). Good cause appearing, Petitioner's motion is granted.

      Petitioner has also filed a second motion for appointment of counsel (ECF No. 17). As the Court explained previously, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196. In his second motion for appointment of counsel, Daveshwar notes that due to COVID-19 restrictions it is difficult for him to get legal help from other inmates, and he is unsure of how to respond to the motion to dismiss. (ECF No. 17) However, as the Court stated in denying his first motion for counsel, the Petition presents his claims in a reasonably clear manner, and the legal

issues do not appear to be particularly complex. Daveshwar has not presented persuasive new arguments that counsel is warranted. Therefore, the motion is denied.

Finally, Respondents have filed a motion to file certain exhibits under seal. (ECF No. 14) While there is a presumption favoring public access to judicial filings and documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Respondents explain that these exhibits contain confidential information, including personal identifiers for petitioner and the victim as well as psychological evaluations. The Court will therefore grant the motion.

It is therefore ordered that Daveshwar's second motion for appointment of counsel (ECF No. 17) is denied.

It is further ordered that Daveshwar's motion for extension of time to respond to the motion to dismiss (ECF No. 16) is granted. Daveshwar must file his response on or before **November 3, 2021**.

It is further ordered that Respondents' motion to file certain exhibits under seal (ECF No. 14) is granted.

It is further ordered that respondents' motion for extension of time to respond to the petition (ECF No. 10) is granted *nunc pro tunc*.

DATED THIS 16th Day of August 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE