UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANJIV N. DAVESHWAR,<br><br>                Petitioner,<br>    v.<br>GARRETT, *et al.*,<br><br>                Respondents. | Case No. 3:20-cv-00612-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

This is *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Nevada state prisoner Sanjiv N. Daveshwar. Before the Court are Daveshwar's motion for appointment of counsel (ECF No. 22-1) and motion to supplement Ground 3 (ECF No. 22), as well as Respondents' motion to dismiss the petition (ECF No. 13).[1] Daveshwar voluntarily requested dismissal of his unexhausted claims. (ECF No. 21.) The Court will therefore grant Respondents' motion to dismiss, and will further grant Daveshwar's motion to supplement Ground 3. However, the Court will deny Daveshwar's fourth motion for appointment of counsel.

**II.    PROCEDURAL HISTORY AND BACKGROUND**

Daveshwar pleaded guilty to one count of attempted lewdness with a child under the age of fourteen years. (Exh. 14.)[2] The state district court sentenced Daveshwar to a term of 48 to 180 months. (Exh. 20.) Judgment of conviction was filed on July 3, 2018. (Exh. 21.)

---

[1] Daveshwar responded to Respondents' motion to dismiss. (ECF No. 21.) Respondents did not file a reply. Respondents oppose Daveshwar's motion to supplement Ground 3 (ECF No. 23) and his motion for appointment of counsel (ECF No. 24).

[2] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 13, and are found at ECF Nos. 11, 12. 15.

Daveshwar filed a notice of appeal on September 26, 2018, which the Nevada Supreme Court dismissed for lack of jurisdiction because the appeal was untimely. (Exhs. 23, 30.) The Nevada Supreme Court affirmed the denial of his state postconviction petition in July 2020. (Exh. 54.)

Daveshwar dispatched his federal habeas petition for filing on or about August 2, 2020. (ECF No. 7.)

### III.     FOURTH MOTION FOR APPOINTMENT OF COUNSEL

Daveshwar has submitted his fourth motion for appointment of counsel. (ECF No. 22-1.) As the Court explained previously, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196.

In his fourth motion for appointment of counsel, Daveshwar states that it is difficult to access legal resources and law library personnel lack knowledge to assist him. However, the Court remains unpersuaded that counsel is warranted. The petition presents his claims regarding his guilty plea in a reasonably clear manner, and the legal issues do not appear to be particularly complex. Daveshwar's motion is therefore denied.

### IV.     MOTION TO DISMISS

Respondents have filed a motion to dismiss parts of Grounds 2 and 4 in Daveshwar's petition as unexhausted. (ECF No. 13.) Daveshwar concedes the claims are unexhausted, and asked the Court to dismiss the unexhausted claims. (ECF No. 21.)

///

///

### A. Exhaustion

A federal court will not grant a state prisoner' petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthy*, 653 F.2d 374, 376 (9th Cir. 1981).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. Cal. Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982).

### B. Ground 2

Daveshwar contends that his counsel was ineffective in violation of his Sixth and Fourteenth Amendment rights for (A) not disclosing discussions between the prosecution and the victim's father before advising Daveshwar to plead guilty; (B) not disclosing that the victim's father was unsure about the allegations before advising Daveshwar to plead guilty; and (C) not contacting character witnesses about whom Daveshwar inquired. (ECF No. 7 at 7-11.)

Respondents argue that Ground 2(B) is unexhausted. (ECF No. 13 at 5-6.) Specifically, Daveshwar claims that if counsel had spoken with the victim's father, he would have discovered that "this did not take place as described by the alleged victim."

(ECF No. 7 at 8.) Daveshwar did not present this claim to the Nevada Supreme Court. (Exhs. 53, 54.) Ground 2(B) is therefore unexhausted.

Respondents also argue that Ground 2(C) is unexhausted. (ECF No. 13 at 6.) Daveshwar did not present the claim that counsel failed to contact any character witnesses suggested by Daveshwar to the highest state court. (Exhs. 53, 54.) Ground 2(C) is therefore also unexhausted.

### C. Ground 4

Daveshwar asserts that his counsel was ineffective for failing to move to withdraw his guilty plea before sentencing. (ECF No. 7 at 15-20.) Ground 4 includes five subclaims: (A) Daveshwar's counsel failed to interview the victim, her father, and her friends; (B) counsel failed to disclose the discussion between the prosecution and the victim's father; (C) counsel wrongfully advised Daveshwar that if he did not plead guilty, his prior convictions for sexually motivated coercion and commission of a sexual act in public could be used against him at trial; (D) Daveshwar asked counsel to withdraw the plea before sentencing; and (E) counsel failed investigate text messages from the victim.

The Court finds Grounds 4(A), 4(B), and 4(E) are unexhausted. Respondents argue that Ground 4(A) is unexhausted because Daveshwar did not raise the claim that his counsel was ineffective for failing to move to withdraw the guilty plea before sentencing because counsel did not investigate or interview the victim, her father, or her friends to the highest state court. (ECF No. 13 at 6.) Respondents argue that Ground 4(B)—that counsel was ineffective for failing to move to withdraw the guilty plea before sentencing because counsel did not disclose the discussion between the prosecution and the victim's father—is also unexhausted. (ECF No. 13 at 6.) Daveshwar did not present this claim to the Nevada Supreme Court. (Exhs. 53, 54.) Finally, Respondents contend that Ground 4(E) is also unexhausted. (ECF No. 13 at 6.) Daveshwar did not present the claim that counsel was ineffective for failing to move to withdraw the guilty plea before sentencing because counsel failed to investigate text messages from the victim to the Nevada Supreme Court. (Exhs. 53, 54.)

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. In the instant case, the court finds that Grounds 2(A) and 2(C), and Grounds 4(A), 4(B), and 4(E) are unexhausted. Ordinarily, the Court would now direct petitioner to select one of three options:

- Submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
- Return to state court to exhaust his unexhausted claims in which case his federal habeas petition will be denied without prejudice; or
- File a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

Here, Daveshwar did not oppose the motion to dismiss and instead filed what he styled a motion to dismiss the unexhausted claims and proceed on the exhausted claims. (ECF No. 21.) He has chosen the first option, and the Court will grant his motion. Daveshwar's unexhausted claims are dismissed, and Respondents will be directed to answer the remaining claims.

## V.    MOTION TO SUPPLEMENT GROUND 3

Five months after Respondents filed their motion to dismiss, Daveshwar filed a motion to supplement Ground 3. (ECF No. 22.) In Ground 3, Daveshwar asserts that his counsel was ineffective for advising him incorrectly regarding lifetime supervision and parole eligibility in violation of his Sixth and Fourteenth Amendment rights. (ECF No. 7 at 12-15.) Daveshwar states that he was denied parole on November 17, 2021. (ECF No. 22 at 1.) Daveshwar contends that his counsel told him that if he did not have any problems in prison and no write-ups that he would make parole. He blames his counsel's

"intentional misadvice" for the denial and states that his prolonged incarceration renders his plea deal unintelligent and involuntary.

Respondents oppose the motion to supplement, arguing that Daveshwar failed to seek leave of the court to supplement his pleadings as required by Local Rule 7-2(g), failed to show good cause to supplement, and failed to set forth the transaction, occurrence, or event that happened that required that the pleading be supplemented, as required by Rule 15(d) of the Federal Rules of Civil Procedure. (ECF No. 23 at 2.)

A federal habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

The Court rejects Respondents' arguments. While imperfect, Daveshwar essentially moved to supplement Ground 3 and he explains that the occurrence is the denial of parole. The Court notes that the supplement does not fundamentally alter Ground 3. Daveshwar's motion to supplement is therefore granted. The Court considers ECF No. 22 as a supplement to Ground 3 of the Petition at ECF No. 7.

## VI.   CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 13)[3] is granted as follows. The Court finds that Grounds 2(A) and 2(C) and Grounds 4(A), 4(B), and 4(E) are unexhausted. Grounds 2(A), 2(C), 4(A), 4(B), and 4(E) are therefore dismissed.

The Clerk of Court is directed to detach and file Daveshwar's motion for appointment of counsel (ECF No. 22-1). It is further ordered that Daveshwar's motion for appoint of counsel is denied.

///

---

[3]Initially the Court referred to the motion to dismiss as located at ECF No. 21. (*See* ECF No. 26.) However, ECF No. 21 is Petitioner's response. This order, as corrected, refers to the accurate location of the motion to dismiss at ECF No. 13.

It is further ordered that Daveshwar's motion to supplement Ground 3 (ECF No. 22) is granted. The operative petition is comprised of both ECF Nos. 7 and 22.

It is further ordered that Daveshwar's motion to respond to the opposition to supplement Ground 3 (ECF No. 25) is granted.

It is further ordered that Respondents have 60 days from the date this order is entered to file an answer to the petition.

It is further ordered that Daveshwar has 45 days after the date Respondents' file their answer within which to file his reply.

DATED THIS 2nd Day of March 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE